# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| HENRY MURRY, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:13-CV-01865-RDP |
| } | |
| FAMILY DOLLAR STORES, } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

This case is before the court on Defendant's Amended Motion to Dismiss (Doc. #14), filed on January 27, 2014. The Motion (Doc. #14) is due to be granted.

**I.    Introduction**

This case arises from the March 28, 2013 termination of Plaintiff Henry Murry ("Plaintiff") from his employment with Defendant Family Dollar Stores of Alabama, Inc. ("Defendant").[1] (Doc. #4 at 1). Plaintiff alleges that Defendant "intentionally and maliciously discriminated against Plaintiff by discriminatory [sic] denying training, applying disciplinary policies and by the actual termination of Plaintiff [sic] employment." (Doc. #4 at 1). Plaintiff's Amended Complaint invokes a variety of federal statutes, not only alleging that "Defendants action [sic] were in violation of Title VII and [Section] 1981," but also making reference to the "ADEA and ADA." (Doc. #4 at 1).

---

[1] Defendant was incorrectly named as Family Dollar Stores, Inc. in Plaintiff's Amended Complaint (Doc. #4).

## II.  Discussion

### A.  This Case is Due to be Dismissed Because of Plaintiff's Failure to Respond to Defendant's Motion to Dismiss

Plaintiff initiated this suit by filing an Application under Section 706(f) of the Civil Rights Act of 1964 (Doc. #1) on October 8, 2013. Thereafter, Plaintiff filed an Amended Complaint (Doc. #4), and Defendant filed a Motion to Dismiss (Doc. #7) on January 21, 2014, which it replaced less than a week later with an Amended Motion to Dismiss (Doc. #14). Defendant's Amended Motion to Dismiss (Doc. #14) seeks a wholesale dismissal of Plaintiff's Amended Complaint (Doc. #4) pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that (1) Plaintiff's Title VII and ADA claims are barred by his failure to exhaust all administrative remedies, and (2) Plaintiff's ADEA and Section 1981 claims are not supported by sufficient factual allegations. (Doc. #14 at 1).

Plaintiff failed to respond in any manner to Defendant's motion to dismiss (Doc. #14). As a result, the court issued an Order (Doc. #16) on April 16, 2014, ordering Plaintiff to show cause why Defendant's Motion should not be granted as unopposed. At Plaintiff's request (Docs. #17 & #19), the court twice extended his deadline to respond to the Show Cause Order, even going so far as to overrule Defendant's opposition (Doc. #20) to the second extension request. However, Plaintiff has still yet to respond.

The court construes Plaintiff's failure to respond to the motion to dismiss (Doc. #14) as a failure to prosecute his suit against Defendant. Consequently, the motion is due to be granted and Defendant is entitled, at a minimum, to have Plaintiff's claims dismissed without prejudice

for this reason alone.[2]  The court notes that under these circumstances, a sanction of dismissal with prejudice is warranted.[3]

> B.  Alternatively, the Court Concludes Plaintiff's Amended Complaint Fails to State a Claim

In addition, and alternatively, Defendant is also entitled to a dismissal without prejudice because the amended complaint fails to state a claim.  A plaintiff must exhaust all available administrative remedies before filing a complaint under either Title VII or the ADA. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (Title VII); *Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964.").  In practice, this means that a plaintiff must file a timely charge of discrimination with the EEOC, *Wilkerson*, 270 F.3d at 1317, and any subsequent complaint "is limited to the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination," *Griffin v. Carlin*, 755 F.2d 1516, 1522 (11th Cir. 1985).  As such, "allegations of new acts of discrimination [in a complaint] are inappropriate." *Gregory v. Georgia Department of Human Resources*, 355 F.3d 1277, 1279-80 (11th Cir. 2004).

Here, Plaintiff filed a charge of discrimination, but therein failed to allege any discrimination that would fall under the purview of Title VII or the ADA, stating only that he was discriminated against on the basis of his age. (Doc. #1 at 10—"I believe I was discriminated

---

[2] The court is indeed mindful that the Federal Rules of Civil Procedure "expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); Fed.R.Civ.P. 41(b)-(c).  Additionally, a district court has the "inherent [] authority to enforce its orders and ensure prompt disposition of legal actions." *State Exchange*, 693 F.2d at 1353.

[3] A dismissal with prejudice is "an extreme sanction . . . [to be] imposed *only* when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONDA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (citations omitted).

against because of my age, 54, in violation of the Age Discrimination in Employment Act of 1967, as amended."). Accordingly, the Title VII and ADA claims asserted in Plaintiff's Amended Complaint impermissibly exceed the scope of his charge of discrimination and are due to be dismissed.

Plaintiff did address the ADEA in his charge of discrimination, but subsequently seems to have abandoned any claim based on the statute, as his Amended Complaint contains absolutely no factual allegations regarding age discrimination. Indeed, the Amended Complaint's only reference to age discrimination is a cursory mention of the ADEA. (Doc. #4 at 1—"Defendant, Family Dollar Store Inc., is an employer doing business in the State of Alabama, employs more than twenty (20) persons, and otherwise meet the jurisdictional prerequisites of the TITLE VII, ADEA and ADA."). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's ADEA claim does not even approach the level of detail that *Twombly* deemed inadequate, and, as such, is due to be dismissed.

The Amended Complaint pays more attention to Plaintiff's Section 1981 claim, but still lacks the plausible factual allegations necessary to adequately state a claim under that statute. Plaintiff makes only rote, naked allegations, which fail to imbue his Section 1981 claim with any measure of plausibility. (*See, e.g.*, Doc. #4 at 1—"Defendant intentionally and maliciously discriminated against Plaintiff by discriminatory [sic] denying training, applying disciplinary policies and by the actual termination of Plaintiff [sic] employment."). Because Plaintiff's

Section 1981 claim is not supported by the sort of factual allegations required to withstand a Rule 12(b)(6) attack, alternatively, that claim is due to be dismissed without prejudice.

### III.     Conclusion

Defendant's Amended Motion to Dismiss (Doc. #14) is due to be granted. A separate order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this June 18, 2014.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE